**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH E. KROLIK, M.D., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Defendant - Appellee. | No. 06-16478 <br><br> D.C. No. CV-05-00315-FJM <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted April 15, 2008
San Francisco, California

Before: SCHROEDER, CLIFTON, and CALLAHAN, Circuit Judges.

    Ralph E. Krolik appeals the district court's grant of summary judgment in favor of the National Board of Medical Examiners on his claim under the Americans With Disabilities Act. We affirm.

---

    <sup>*</sup>   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On appeal, Krolik abandoned any argument that he is actually disabled under the ADA and contends only that he is disabled under 42 U.S.C. § 12102(2)(C), which defines "disability" to include "being regarded as" having a physical or mental impairment that substantially limits one or more of the major life activities. *See also Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 798 (9th Cir. 2001). Krolik maintains that there exists a genuine issue of fact as to whether the NBME "regarded" him as having Attention Deficit Hyperactivity Disorder and/or learning disabilities.

At oral argument, Krolik's counsel conceded that the NBME did not "regard" Krolik as disabled. Indeed, the record establishes that the reason that the NBME denied Krolik's request for accommodations was precisely because it concluded that he did not have any such impairment. In its denial, the NBME explained to Krolik that "the documentation submitted with your request for accommodation does not adequately support an ADHD diagnosis or the existence of a disability." Moreover, although Krolik points to evidence showing that the NBME accommodated some (but not all) test takers who requested accommodation based on their ADHD, the evidence did not show that the NBME regarded Krolik as having any impairments. Because the court must conduct an "individualized inquiry" into whether a person is disabled under the ADA,

2

evidence regarding the disabilities of other test takers did not create a genuine issue of fact as to whether Krolik was disabled. *See Thornton*, 261 F.3d at 794. Without more, Krolik failed to establish a genuine issue of material fact as to whether he was disabled under 42 U.S.C. § 12102(2)(C), and the district court's summary judgment was therefore proper.

**AFFIRMED.**